# Supreme Court of Texas

---
No. 24-0384
---

Stephanie Muth, in her official capacity as Commissioner of the
Texas Department of Family and Protective Services, and the
Texas Department of Family and Protective Services,

*Petitioners,*

v.

Mirabel Voe, individually and as parent and next friend of
Antonio Voe, a minor; Wanda Roe, individually and as parent and
next friend of Tommy Roe, a minor; PFLAG, Inc.; and Adam
Briggle and Amber Briggle, individually and as parents and next
friends of M.B., a minor,

*Respondents*

*~ and ~*

---
No. 24-0385
---

Greg Abbott, in his official capacity as Governor of the State of
Texas; Stephanie Muth, in her official capacity as Commissioner
of the Department of Family and Protective Services; and the
Texas Department of Family and Protective Services,

*Petitioners,*

v.

Jane Doe, individually and as parent and next friend of Mary Doe, a minor; John Doe, individually and as parent and next friend of Mary Doe, a minor; and Dr. Megan Mooney,

*Respondents*

On Petitions for Review from the
Court of Appeals for the Third District of Texas

**PER CURIAM**

CHIEF JUSTICE BLACKLOCK filed a concurring opinion.

Justice Sullivan did not participate in the decision.

In these consolidated appeals, the Department of Family and Protective Services and its commissioner appeal three temporary-injunction orders prohibiting DFPS from investigating reports of minors using puberty blockers and hormone therapy for the purpose of gender transitioning. While the appeals have been pending, DFPS permanently closed its investigations, and most of the children reached the age of majority. For these and other reasons explained below, we conclude plaintiffs' claims for injunctive relief present no live justiciable controversy. Accordingly, we vacate the temporary-injunction orders and dismiss the interlocutory appeals.

**I**

In February 2022, the Governor sent a letter to DFPS Commissioner Jaime Masters noting that the Attorney General had recently issued an opinion (KP-0401) concluding that it is "against the law to subject Texas children to a wide variety of elective procedures for

2

gender transitioning." The letter "direct[ed]" DFPS "to conduct a prompt and thorough investigation of any reported instances of these abusive procedures" in Texas. The same day, DFPS declared in a press release: "In accordance with Governor Abbott's directive today to Commissioner Masters, we will follow Texas law as explained in Attorney General opinion KP-0401."[1]

A week later, the parents of a then-16-year-old child diagnosed with gender dysphoria (Mary Doe) and a psychologist who treats such children sued the Governor, the DFPS Commissioner, and DFPS in Travis County (the Doe suit). A few months after that, three additional families—the Voes, the Roes, and the Briggles—plus PFLAG, Inc., an advocacy organization, brought a similar suit in Travis County against the same three defendants (the Voe suit). All plaintiffs sought a declaration that DFPS's February 2022 statement was void because it was ultra vires, unconstitutional, and violated the Administrative Procedure Act, which requires notice and comment before the enactment of a new rule. Plaintiffs also sought injunctive relief prohibiting the new rule's enforcement.

The trial court ultimately issued three separate orders temporarily enjoining DFPS and its commissioner from taking actions against plaintiffs based on the Governor's letter, DFPS's statement, and the Attorney General's opinion and from investigating reports based

---

[1] As we observed in a related proceeding, although DFPS's statement suggests that it may have considered itself bound by the Governor's letter and the Attorney General's opinion, "neither the Governor nor the Attorney General has statutory authority to directly control DFPS's investigatory decisions." *In re Abbott*, 645 S.W.3d 276, 281 (Tex. 2022).

solely on allegations that a minor child received medical treatment for gender transitioning. Defendants appealed.[2]

The court of appeals partially vacated the injunction against the Governor in the Doe suit but otherwise affirmed. *See Abbott v. Doe*, 691 S.W.3d 55, 93 (Tex. App.—Austin 2024); *Muth v. Voe*, 691 S.W.3d 93, 138 (Tex. App.—Austin 2024).[3] Defendants petitioned for review.[4]

## II

As we recently reaffirmed, "mootness is a constitutional limitation on judicial authority." *Tex. Dep't of Fam. & Protective Servs. v. Grassroots Leadership, Inc.*, 717 S.W.3d 854, 866 (Tex. 2025). "When a case 'becomes moot, and the issues no longer justiciable,' the case 'should be dismissed.'" *Id.* at 873 (quoting *Sterling v. Ferguson*, 53 S.W.2d 753, 760 (Tex. 1932)). "Any ruling on the merits of a moot issue constitutes an advisory opinion, which we lack jurisdiction to issue." *In re J.J.R.S.*, 627 S.W.3d 211, 225 (Tex. 2021).

---

[2] Although defendants' appeals automatically stayed the temporary injunctions under Rule of Appellate Procedure 29.1(b), the court of appeals reinstated them under Rule 29.3. We granted mandamus relief from the Rule 29.3 order in the Doe suit, holding that the court of appeals abused its discretion by enjoining the Governor and by issuing an order purporting to bind nonparties. *In re Abbott*, 645 S.W.3d at 283-84. The Voe plaintiffs did not seek to enjoin the Governor.

[3] While the appeals were pending, Stephanie Muth succeeded Masters as DFPS Commissioner, so she was substituted in as a party to this proceeding. *See* TEX. R. APP. P. 7.2(a).

[4] On defendants' motion, the petition in Case No. 24-0387 was consolidated into Case No. 24-0384, which was then jointly briefed with Case No. 24-0385.

Plaintiffs sought, and the trial court granted, injunctive relief restraining DFPS from investigating allegations regarding children's use of drugs for the purpose of gender transitioning. Since then, DFPS has closed its investigations of three of the four families with a finding that no further action will be taken. According to DFPS's Associate Commissioner for Statewide Intake, "[w]hen an investigation is closed, DFPS will not investigate new reports involving the same allegation that has already been investigated. Subsequent reports regarding the same allegation will be closed without investigation." Given the permanent closure of DFPS's investigations of these three families, they no longer face a credible, nonspeculative threat that DFPS will press any such investigations in the future.

The same is true of the fourth family, the Does, although they are slightly differently situated. DFPS has not formally closed its investigation as to them, but it asserts the investigation remained open only because the trial court's temporary-injunction order in that suit (unlike the others) prohibited DFPS from closing it. Even leaving that aside, there is another reason the Does no longer face a credible, nonspeculative threat that DFPS will investigate further. Mary Doe is no longer a minor, and the Doe parents have no other children, so by DFPS's own admission, it no longer has any authority to investigate them.

Plaintiffs do not refute these facts demonstrating mootness. Instead, they argue that dismissal for mootness based on voluntary cessation of the challenged activity is disfavored and suggest DFPS *could* choose to reopen its investigations absent the injunction. We

rejected a similar argument in *Grassroots Leadership*, reasoning that voluntary cessation "*can* lead to mootness 'when subsequent events make absolutely clear that the [challenged conduct] could not reasonably be expected to recur.'" 717 S.W.3d at 878 (alteration in original) (quoting *Matthews v. Kountze Indep. Sch. Dist.*, 484 S.W.3d 416, 418 (Tex. 2016)). We explained that "our approach to mootness insists on a close tether to reality and rejects indulging 'an ingenious academic exercise in the conceivable.'" *Id.* at 879 (quoting *United States v. SCRAP*, 412 U.S. 669, 688 (1973)). The "mere possibility" that future events may occur, we said, is not enough to overcome facial mootness. *Id.* DFPS's unambiguous assertions that it "will not investigate new reports involving the same allegation" and that "[s]ubsequent reports regarding the same allegation will be closed without investigation" are sufficient to show that any threat of a future investigation is too speculative to justify the exercise of this Court's jurisdiction.

Plaintiffs also suggest DFPS's commitment to refrain from opening a new investigation involving "the same allegation" cannot be taken at face value. They worry that DFPS may treat a future allegation that a minor plaintiff received drugs for gender transitioning as a different allegation worthy of investigation as long as it comes from a new source or involves ongoing treatment. Having considered DFPS's testimony as a whole, we conclude the concern is too speculative to defeat the facial mootness reflected by the record. Because the families are under no nonspeculative threat of investigation, resolving this appeal would require us to deliver an advisory opinion, which our Constitution forbids. *See id.* at 874-75.

PFLAG's claim for injunctive relief is moot for similar reasons. PFLAG asserts associational standing on behalf of its members (including the Voes, the Roes, and the Briggles), which requires, among other things, that "its members would otherwise have standing to sue in their own right." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 447 (Tex. 1993) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977)). Because PFLAG's associational standing is based on the standing of members whose claims are now moot, PFLAG's claim is also moot. *See Munsell v. Dep't of Agric.*, 509 F.3d 572, 584 (D.C. Cir. 2007) (holding that an association's challenge to an agency enforcement action was moot because the plaintiff members' claims were moot).[5]

## III

We also conclude that we lack jurisdiction over Dr. Megan Mooney's claim for injunctive relief. A psychologist, Dr. Mooney treats children diagnosed with gender dysphoria. She asserts she will face the threat of civil and criminal penalties and the loss of her license if she fails to comply with her obligation to report children who receive medical treatments for gender transitioning. But she has not alleged that she has been threatened with prosecution or an action to revoke her license.

---

[5] Our holding is limited to the claims for injunctive relief before us in this interlocutory appeal. We express no opinion on the justiciability of plaintiffs' claims for declaratory relief, which are not before us. *See Grassroots Leadership*, 717 S.W.3d at 877 ("Courts may continue to adjudicate any parts of a case that remain within their subject-matter jurisdiction and are otherwise justiciable.").

7

Nor does she allege that any state agency has investigated or threatened to investigate her conduct.

Dr. Mooney also asserts she will suffer injury sufficient to confer standing even if she *does* comply with the reporting requirements. Doing so, she alleges, would violate her professional standards and cause her patients to lose trust in her. She fears she "could face the possible closure of her practice" and "be subject to malpractice lawsuits." But, again, her pleading reveals these concerns are, at this point, purely hypothetical. Dr. Mooney has not alleged that any patient has threatened to sue or leave her practice based on her compliance with DFPS's reporting requirements.

"Standing is implicit in the concept of subject-matter jurisdiction, and subject-matter jurisdiction is essential to the authority of a court to decide a case." *In re Abbott*, 601 S.W.3d 802, 807 (Tex. 2020) (citing *Tex. Ass'n of Bus.*, 852 S.W.2d at 443). Standing is specific to each individual plaintiff and to each plaintiff's individual claims. *Id.*; *see Heckman v. Williamson County*, 369 S.W.3d 137, 153 (Tex. 2012) ("[E]ach party must establish that he has standing to bring each of the claims he himself alleges—meaning the court must assess standing plaintiff by plaintiff, claim by claim."). Standing requires the plaintiff to demonstrate "an injury-in-fact that is fairly traceable to the defendant's conduct and likely to be redressed by a decision in the plaintiff's favor" on that claim. *Abbott v. Harris County*, 672 S.W.3d 1, 8 (Tex. 2023).

Dr. Mooney alleges no more than a theoretical possibility of some future injury, which is insufficient to establish standing for the injunctive relief she seeks. *See State v. Zurawski*, 690 S.W.3d 644, 658

8

(Tex. 2024) (concluding that a doctor lacked standing to sue the Texas Medical Board because it had not threatened enforcement of the challenged statute); *In re Abbott*, 601 S.W.3d at 812 (concluding that "mere allegations of possible future injury are not sufficient" to establish standing (citation modified)); *see also Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013) (holding that an injury that "relies on a highly attenuated chain of possibilities" does not support standing). Accordingly, her claim for injunctive relief must also be dismissed for lack of jurisdiction.

## IV

The claims for injunctive relief asserted by the families and PFLAG are no longer justiciable and therefore must be dismissed as moot. There exists no credible, nonspeculative threat that DFPS will investigate these plaintiffs in the future based on the use of medical treatments for gender transitioning, either because DFPS has already ruled out these families for such an investigation or because the children's having reached the age of majority deprives DFPS of authority to investigate. And Dr. Mooney lacks standing to assert a claim for injunctive relief because the injuries she alleges are speculative. Accordingly, without hearing oral argument, we reverse the court of appeals' judgments, dismiss the appeals, and vacate the trial court's temporary-injunction orders for lack of jurisdiction. *See* TEX. R. APP. P. 56.2, 59.1.

**OPINION DELIVERED:** April 24, 2026

9